**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

INTERNATIONAL UNION, *et al.*,

                *Plaintiffs*,

      v.

UNITED STATES DEPARTMENT OF
STATE, *et al.*,

                *Defendants*.

Civil Action No. 25-cv-8566 (AKH)

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
TO SUPPLEMENT THE FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(d) and Local Civil Rule 15.1, Plaintiffs move for leave to narrowly supplement their amended complaint, ECF No. 45, the operative pleading in this case. As required by Local Civil Rule 15.1, Plaintiffs enclose clean and redlined copies of the proposed supplemented pleading as Exhibits 1 and 2 to this memorandum. Plaintiffs conferred with Defendants ("the Government"), and the Government partially opposes this motion.[1]

Plaintiffs, three labor unions, filed this lawsuit on October 16, 2025, seeking to enjoin a comprehensive program of viewpoint-discriminatory online surveillance and coercive threats designed and executed by the Government to silence views the Government disfavors (the "Challenged Surveillance Program" or "CSP"). Plaintiffs filed an amended complaint in this action on March 16, 2026. ECF No. 45 ("First Amended Complaint" or "FAC"). The FAC alleges that

---

[1] The Government "objects to the addition of paragraph 224.1 because it does not concern a 'transaction, occurrence, or event that happened after the date of the pleading to be supplemented' and so is not a proper supplement under Rule 15(d)."

thousands of Plaintiffs' members are currently subject to the CSP and have been harmed by it. On March 27, 2026, the Government moved to dismiss the FAC, challenging Plaintiffs' associational and organizational standing under Federal Rule of Civil Procedure 12(b)(1). ECF No. 52. On April 22, 2026, Plaintiffs filed their opposition to the Government's motion to dismiss. ECF No. 58. The Government's reply is due April 29. *See* ECF No. 53.

On April 25, 2026—three days after Plaintiffs filed their opposition to the Government's motion to dismiss—*The New York Times* published new details about how Defendant U.S. Citizenship and Immigration Services ("USCIS") is implementing the CSP with respect to the consideration of Lawful Permanent Resident ("green card") applications.[2] Plaintiffs file this motion to timely supplement their amended complaint to include these new details about the Government's implementation of the CSP.

Granting this motion will not require extending the briefing schedule of the motion to dismiss or otherwise delaying this action. Plaintiffs do not request to supplement their opposition to the Government's motion to dismiss, as the opposition filed on April 22, 2026, fully disposes of the Government's jurisdictional arguments. *See* ECF No. 58. Plaintiffs have not unduly delayed in filing this motion or otherwise acted in bad faith, and granting this motion does not prejudice the Government. Plaintiffs respectfully request that the Court grant the motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(d) "permits a party to move to serve a supplemental pleading and the district court may grant such a motion, in the exercise of its discretion, upon reasonable notice and upon such terms as may be just." *Quaratino v. Tiffany & Co.*, 71 F.3d 58,

---

[2] Hamed Aleaziz & Nicholas Nehamas, *Under Trump, Green Card Seekers Face New Scrutiny for Views on Israel*, N.Y. Times (Apr. 25, 2026), https://www.nytimes.com/2026/04/25/us/politics/trump-green-cards-scrutiny.html [https://perma.cc/6Z66-3YQR].

2

66 (2d Cir. 1995); Fed. R. Civ. P. 15(d). "Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted," so long as the new allegations "connect it to the original pleading." *Quaratino*, 71 F.3d at 66 (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *accord Holden v. EMTC Warden*, No. 25-CV-07197 (JAV), 2026 WL 1080046, at *1 (S.D.N.Y. Apr. 15, 2026). "The burden is on the non-moving party to demonstrate the existence of [any] grounds" to deny the motion. *Nat'l Credit Union Admin. Bd. v. HSBC Bank US, Nat'l Ass'n*, 331 F.R.D. 63, 69 (S.D.N.Y. 2019).

## ARGUMENT

**I.      Plaintiffs' Proposed Supplemental Pleading Clears Rule 15(d)'s Low Bar Because the Supplemental Allegations are Connected to the FAC**

Plaintiffs' narrow supplemented pleading easily meets Rule 15(d)'s minimal requirements. The proposed allegations about USCIS's new guidance and training materials and their impact on Plaintiffs' members are not only connected to, but bear directly and materially on, the existence, scope, and implementation of the CSP at the heart of this case. *See Quaratino*, 71 F.3d at 66.

As alleged in the FAC, through the CSP, the Government has surveilled the social media and online expressive activity of *every* U.S.-based visa holder and Lawful Permanent Resident. In addition, and relevant to this motion, the Government also requires every individual *applying* to renew a visa or for other immigration benefits to undergo the same viewpoint-based social media review. The Government has also issued a drumbeat of threats to weaponize immigration laws and punish noncitizens who express disfavored views. To make its threats more credible, the Government has revoked visas and targeted individuals with immigration confinement to send a message to everyone else: fall in line and curtail your speech as the Government demands, or face life-altering immigration consequences.

In the FAC, Plaintiffs included several allegations about how USCIS implements the CSP, including by treating speech that is "anti-American" or "antisemitic" as a negative factor when reviewing applications for various immigration benefits. *See, e.g.*, FAC ¶¶ 28 & n.6, 29 & n.16, 115 & n.107. While the FAC makes clear that the Government broadly conflates speech that is critical of Israel and supportive of Palestine as "anti-American" and "antisemitic," the April 25, 2026, *New York Times* report confirms with specificity these allegations as to USCIS and its processing of green card applications; and it makes clear that USCIS officials have effectively been instructed to deny green card applications to those who engaged in fully protected speech critical of Israel or supportive of Palestine. Aleaziz & Nehamas, *supra* note 2.

According to the report, USCIS issued new guidance and training materials to its officers in March 2026, detailing how officers should conduct social media vetting for immigrants applying for a green card. *Id.* Under the new guidance, "immigrants can now be denied a green card for expressing political opinions, such as participating in pro-Palestinian campus protests [and] posting criticism of Israel on social media." *Id.* USCIS instructs its officers "to 'focus particularly on [noncitizens] who engaged in on-campus anti-American and antisemitic activities' after the Hamas attacks against Israel in 2023." *Id*. The new guidance further provides officers with examples of "anti-American" and "antisemitic" activity that "overwhelmingly" weighs against granting a green card. *Id.* Those examples include "a social media post showing a map of Israel with the nation's name crossed out and replaced with the word 'Palestine,'" and a post that declares "Stop Israeli Terror in Palestine." *Id*.

The new guidance and training materials directly impact Plaintiffs' members, some of whom have already applied for immigration benefits, others of whom will soon apply for immigration benefits, and still others of whom have been chilled from even applying for

immigration benefits. In the last category, Plaintiffs have proposed a supplemental allegation detailing a UAW member, UAW Doe 8, who continues to be chilled from applying for a green card precisely because of USCIS's involvement in enforcing the CSP. *See* Pls. Proposed Supp. Am. Compl. ¶ 224.1. UAW Doe 8 previously posted social media messages supportive of Palestine, as well as published an op-ed urging solidarity with Palestine. They have considered applying for a green card but have thus far declined to do so because they fear being detained during a USCIS interview or having their green card application denied based on their expressions of support for Palestine. *Id.*

All of these supplemental allegations are not only connected to the FAC, they are also relevant to the Government's posture in its motion to dismiss. The Government suggests that any social media vetting conducted by USCIS is unrelated to a broader program of reviewing social media activity for pro-Palestinian, anti-Israeli, and anti-American content, and that the FAC contains no factual allegations concerning any denial of immigration benefits that resulted from USCIS's social media vetting program. ECF No. 52 at 6, 8 & n.6, 21. This recent revelation provides clear factual support for Plaintiffs' pleadings and contradicts any suggestion that USCIS is not enforcing the CSP.

## II.   There Are No Grounds to Deny the Motion

The Government bears the burden of demonstrating grounds to deny this motion. The Government only opposes the addition of the proposed new allegation in ¶ 224.1 of Plaintiffs' Proposed Supplemented Amended Complaint based on the grounds that it does not concern a specific "transaction, occurrence, or event that happened after the date of the pleading to be supplemented" under Rule 15(d). However, the Government will not be able to carry its burden even for that allegation. The Government's suggestion that including this supplemental allegation

is improper under Rule 15(d) overlooks the fact that the CSP's harm to UAW Doe 8 is ongoing and that the harm to this member has been rendered more acute by the new guidance and training materials.

Plaintiffs have not unduly delayed bringing this motion or engaged in bad faith or dilatory tactics.[3] The existence of the new guidance and training materials were made public four days ago. The new guidance and training materials make more acute the ongoing harm to Plaintiffs' members who have already applied for immigration benefits, members who intend to apply, and still other members who have been chilled from applying at all, including UAW Doe 8.

Nor will granting this motion prejudice the Government. As noted above, Plaintiffs do not seek to extend the current briefing schedule on the Government's motion to dismiss, as Plaintiffs' April 22, 2026, opposition fully disposes of the arguments the Government presses. *See* ECF No. 58.

For the same reasons, Plaintiffs' proposed supplemental allegations cannot be deemed futile. Indeed, content to rely solely on jurisdictional defenses, the Government has not even contested that Plaintiffs have adequately alleged that the CSP violates the First Amendment and the Administrative Procedure Act.

---

[3] If this Court concludes that the proposed supplemental allegation in ¶ 224.1 is improper under Rule 15(d), Plaintiffs request that, in the alternative, the Court permit Plaintiffs leave to amend the FAC to include ¶ 224.1. Rule 15(a)(2) motions to amend are judged under the "same standards" as those under Rule 15(d)—the only difference is that Rule 15(a)(2) governs amendments to include allegations about events that occurred prior to the filing of a pleading, whereas Rule 15(d) governs supplements to include events that occurred after the filing of a pleading. *Novak v. Nat'l Broad. Co.*, 724 F. Supp. 141, 145 (S.D.N.Y. 1989); *Levin v. Bank of New York*, No. 09-CV-5900 (JPO), 2020 WL 8812043, at *1 (S.D.N.Y. Dec. 10, 2020) (same).

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion

and permit Plaintiffs to supplement their First Amended Complaint.


Dated: April 29, 2026                                    Respectfully submitted,


/s/ *Sadaf Hasan*                                    /s/ *John Langford*
MUSLIM ADVOCATES                          MEDIA FREEDOM & INFORMATION
Sadaf Hasan[*]                                           ACCESS CLINIC
Collin Poirot                                        Anthony Cosentino, *student*
1032 15th Street N.W. # 362               Nick Jones, *student*
Washington, D.C. 20005                     Raymond Perez, *student*
(202) 655-2969                                   Tess Solomon, *student*
sadaf@muslimadvocates.org              Grace Chisholm, *student*
collin@muslimadvocates.org              Stacy Livingston
                                                           John Langford
/s/ *David Greene*                               P.O. Box 208215
ELECTRONIC FRONTIER FOUNDATION    New Haven, CT 06511
David Greene                                     (203) 432-2366
Sophia Cope                                      stacy.livingston@ylsclinics.org
Elizabeth Femia                                  john.langford@ylsclinics.org
Saira Hussain
815 Eddy Street
San Francisco, CA 94109
(415) 436-9333
davidg@eff.org
sophia@eff.org
lfemia@eff.org
saira@eff.org

[*]*Pro hac vice* application forthcoming

7

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Local Civil Rule 7.1, as modified by this Court's Individual Rule 2(C). As measured by the word processing system used to prepare it, this memorandum contains 1,774 words.