May 4, 2026

**Via ECF**
Hon. Alvin K. Hellerstein
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

>       Re:    Supplemental Authority Relevant to the Government's Motion to Dismiss the
>       Amended Complaint in *Int'l Union, et al. v. U.S. Dep't of State, et al.*, 25 Civ. 8566
>       (AKH)

Dear Judge Hellerstein:

The undersigned represent the plaintiffs ("Plaintiffs") in the above-captioned action. We write to inform the Court that the Supreme Court issued the attached decision in *First Choice Women's Resource Centers, Inc. v. Davenport*, No. 24-781 (U.S.) ("*First Choice*"), on April 29, 2026. That decision further refutes certain arguments pressed by the defendants in this case ("the Government") in support of their pending motion to dismiss the First Amended Complaint ("the FAC"), ECF Nos. 51–52.

In *First Choice*, the Supreme Court reaffirmed that the government inflicts an actionable First Amendment injury whenever it takes action that "objectively chill[s]" freedom of speech or association—even prior to any enforcement action—because the Constitution "prohibits 'subtle . . . interference' with protected liberties no less than it does 'heavy-handed frontal attack[s].'" Slip op. at 13, 20 (quoting *Bates v. Little Rock*, 361 U.S. 516, 523 (1960)). "[T]he value of a sword of Damocles is that it hangs—not that it drops." *Id.* at 15 (quoting *Arnett v. Kennedy*, 416 U.S. 134, 231 (1974) (Marshall, J., dissenting)). For standing purposes, an injury in fact occurs when government action "discourage[s] people from associating with groups engaged in protected First Amendment advocacy," as well as when it "encourage[s] groups and individuals to cease or modify protected First Amendment advocacy the government disfavors." *Id.* at 12 (internal quotation marks omitted). The Supreme Court explained that whether a litigant has *standing to challenge* government action alleged to be chilling depends not on "how badly" the government has burdened First Amendment rights, but on whether "it has burdened those rights at all." *Id.* at 19.

*First Choice* contradicts the Government's suggestion that Plaintiffs' lack standing to contest the Challenged Surveillance Policy ("CSP"). Most importantly and contrary to the Government's framing, ECF No. 52 at 20, *First Choice* affirms that Plaintiffs, for the most part, are not pursuing a pre-enforcement challenge to *future* First Amendment injuries, *see* slip op. at 6 (explaining that First Choice had standing because it suffered alleged constitutional injuries that were "actual and ongoing" and declining to address First Choice's pre-enforcement standing arguments). The decision further underscores that the ongoing injuries related to the Government's surveillance of Plaintiffs' members' speech, as alleged in the FAC, would give them standing to bring this suit

even if they have not been the subject of immigration actions. Just as the New Jersey attorney general in *First Choice* unsuccessfully argued that the mere existence of New Jersey's subpoena could not and did not "objectively chill" recipients prior to an enforcement action, *see id.* at 13–21, the Government here argues that Plaintiffs' members have not "been chilled by anything that is objective, real, imminent, and traceable to the CSP" because they have not shown an individualized "credible threat of prosecution," ECF No. 52 at 21. With respect to Plaintiffs' members who have pending applications for immigration benefits, the Government contends that they lack standing "because the FAC does not allege that USCIS's social media vetting of benefit applicants has led to any adverse immigration outcomes." ECF No. 52 at 23. *First Choice* rejected these exact lines of argumentation.

*First Choice* firmly buttresses the standing of *all* of Plaintiffs' members in this case, making clear that the Government creates an actionable First Amendment injury the moment it hangs a sword of Damocles, just as it has with the launch and ongoing implementation of the CSP. *First Choice* also makes clear that, at a minimum, both Plaintiffs' members who have already applied for immigration benefits—such as Communication Workers of America Doe 6 and American Federation of Teachers Doe 7—and those who intend to apply for immigration benefits would have standing to challenge the CSP requirements that they disclose their social media handles, make those accounts public, and be subjected to viewpoint-discriminatory surveillance. Where, as in both *First Choice* and here, the government "target[s]" individuals "for investigation" and "command[s] production" of otherwise private information, and the command is "backed by a threat" of "sanctions should [those individuals] resist," the government command is objectively chilling and constitutes an injury in fact that gives rise to standing, regardless of whether there is a "credible threat" of any specific enforcement and even where the command might never be enforced at all. Slip op. at 6, 16–17. The CSP burdens Plaintiffs' members' speech and associational rights in exactly the same way as the New Jersey subpoena burdened recipients' associational rights in *First Choice*; in addition, "plaintiff[s] suffer[] ongoing injuries from" the demand for disclosure itself, due to the chilling effect it has already had and continues to have, burdening their First Amendment right to speak freely. *Id.* at 18.

Dated: May 4, 2026                                    Sincerely,

/s/ Sadaf Hasan                                      /s/ John Langford
MUSLIM ADVOCATES                          MEDIA FREEDOM & INFORMATION
Sadaf Hasan*                                                ACCESS CLINIC
Collin Poirot                                            Anthony Cosentino, *student*
1032 15th Street N.W. # 362                  Nick Jones, *student*
Washington, D.C. 20005                        Raymond Perez, *student*
(202) 655-2969                                       Tess Solomon, *student*
sadaf@muslimadvocates.org               Grace Chisholm, *student*
collin@muslimadvocates.org               Stacy Livingston
                                                                John Langford
/s/ David Greene                                   P.O. Box 208215
ELECTRONIC FRONTIER FOUNDATION      New Haven, CT 06511

David Greene
Sophia Cope
Elizabeth Femia
Saira Hussain
815 Eddy Street
San Francisco, CA 94109
(415) 436-9333
davidg@eff.org
sophia@eff.org
lfemia@eff.org
saira@eff.org

(203) 432-2366
stacy.livingston@ylsclinics.org
john.langford@ylsclinics.org

*Pro hac vice* application forthcoming