JAMES M. MCDONALD
United States Attorney for the
Southern District of New York
By: JENNIFER JUDE
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2663
Email: jennifer.jude@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE, *et al.*,<br><br>Defendants. | 25 Civ. 8566 (AKH)<br><br>ANSWER TO SUPPLEMENTED AMENDED COMPLAINT |

Defendants the U.S. Department of State ("State" or "DOS"); the U.S. Department of Homeland Security ("DHS"); United States Citizenship and Immigration Services ("USCIS"); Immigration and Customs Enforcement ("ICE"); the head of each agency; and the United States (collectively, "Defendants"), by and through undersigned counsel, hereby respond to Plaintiffs' Supplemented Amended Complaint (the "SAC"), ECF No. 71, alleging violations of the First Amendment and the Administrative Procedure Act ("APA").[1]

[1] For simplicity, in this answer Defendants provide a collective response to each paragraph in the SAC. That means that Defendants admit or deny an allegation when one or more of them has knowledge or information sufficient to form a belief as to that allegation. Such a response does not mean that all defendants necessarily have such knowledge or information. Where Defendants

Defendants deny all allegations in the SAC, including the relief sought, except as specifically admitted in this Answer. To the extent the SAC refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiffs; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants respond to the separately numbered paragraphs and prayer for relief in the SAC on information and belief as follows:

1. Defendants admit that Plaintiffs have filed this action seeking certain declaratory and injunctive relief. Defendants deny the remaining allegations in Paragraph 1, including the characterization and definition of any "Challenged Surveillance Program," the alleged purpose and effect of Defendants' actions, and the claimed harms.

2. Defendants deny the allegations in Paragraph 2.

3. Defendants deny the allegations in Paragraph 3.

4. Defendants deny the allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5.

6. Defendants admit that Plaintiffs are labor unions. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 6.

7. Defendants deny the allegations in Paragraph 7.

8. Defendants deny the allegations in Paragraph 8.

9. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 9.

---

deny knowledge or information sufficient to form a belief as to an allegation, it means that none of them has such knowledge or information.

10. Defendants deny the allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11, including the definition of any "Challenged Surveillance Program."

12. Paragraph 12 contains legal conclusions to which no response is required.

13. Paragraph 13 contains legal conclusions to which no response is required.

14. Paragraph 14 contains legal conclusions to which no response is required.

15. Defendants admit that Plaintiff UAW is a labor organization headquartered in Detroit, Michigan, and that it has members in higher education. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 15.

16. Defendants admit that Plaintiff CWA is a labor organization headquartered in Washington, D.C. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 16.

17. Defendants admit that Plaintiff AFT is a national labor organization headquartered in Washington, D.C. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 17.

18. Defendants admit that DOS is a cabinet-level department of the executive branch and an "agency" within the meaning of 5 U.S.C. § 551(1), and that it is responsible for the issuance of visas. Defendants deny that DOS "enforces the Challenged Surveillance Program" as defined by Plaintiffs.

19. Defendants admit that Marco Rubio is the United States Secretary of State, that he exercises authority over DOS, and that Plaintiffs have sued him in his official capacity. Defendants deny that Defendant Rubio "enforces the Challenged Surveillance Program" as defined by Plaintiffs.

20. Defendants admit that the United States Department of Homeland Security is a cabinet-level department of the executive branch and an "agency" within the meaning of 5 U.S.C. § 551(1), that it is responsible for administration and enforcement of the Immigration and Nationality Act, and that it includes ICE and USCIS. Defendants deny that DHS "enforces the Challenged Surveillance Program" as defined by Plaintiffs.

21. Defendants admit that Kristi Noem previously served as the United States Secretary of Homeland Security ("DHS") and exercised authority over the actions of DHS during her tenure. As of the date of this filing, Markwayne Mullin now serves as Secretary of Homeland Security and Plaintiffs have sued him in his official capacity. Defendants deny any allegations that Defendant Noem or Mullin "enforces the Challenged Surveillance Program" as defined by Plaintiffs.

22. Defendants admit that USCIS is a component of DHS and a federal agency within the meaning of 5 U.S.C. § 551(1), and that it is responsible for receipt, review, and adjudication of applications for immigration benefits. Defendants deny the remaining allegations in Paragraph 22, including that USCIS "enforces the Challenged Surveillance Program" as defined by Plaintiffs.

23. Defendants admit that Joseph B. Edlow is the Director of USCIS, that he exercises authority over USCIS, and that Plaintiffs have sued him in his official capacity. Defendants deny that Defendant Edlow "enforces the Challenged Surveillance Program" as defined by Plaintiffs.

24. Defendants admit that United States Immigration and Customs Enforcement ("ICE") is a component of DHS and a federal agency within the meaning of 5 U.S.C. § 551(1), and that it administers certain INA provisions governing deportation and immigration

confinement. Defendants deny that ICE "enforces the Challenged Surveillance Program" as defined by Plaintiffs.

25. Defendants admit that Todd M. Lyons served as Acting Director of ICE and exercised authority over the actions of ICE during his tenure. As of the date of this filing, David Venturella now serves as Acting Director of ICE and Plaintiffs have sued him in his official capacity. Defendants deny that Defendant Lyons or Venturella "enforces the Challenged Surveillance Program," as defined by Plaintiffs.

26. Defendants admit that the United States of America is named as a defendant. Defendants deny the remaining allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27.

28. Defendants admit that certain public statements and Executive Orders referenced in Paragraph 28 and its subparts were made and, to the extent accurately quoted, speak for themselves. Defendants deny Plaintiffs' characterizations of those statements and the remaining allegations in Paragraph 28.

29. Defendants admit that certain public statements referenced in Paragraph 29 were made and, to the extent accurately quoted, speak for themselves. Defendants deny Plaintiffs' characterizations of those statements and the remaining allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants admit that the government uses advanced analytical tools in connection with screening and vetting. Defendants deny the remaining allegations and characterizations in Paragraph 31.

32. Defendants admit that DOS has conducted AI-assisted reviews of certain student visa holders' social media accounts in connection with lawful screening and vetting. Defendants

deny the remaining allegations and characterizations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33 as characterized by Plaintiffs.

34. Defendants admit that DOS and DHS conduct data collection and review of publicly available information, including social media, in connection with lawful screening and vetting. Defendants deny the remaining allegations and characterizations in Paragraph 34.

35. Defendants admit that components of DHS, including CBP, use analytical tools in connection with screening and vetting of noncitizens. Defendants deny the remaining allegations and characterizations in Paragraph 35.

36. Defendants admit that DHS and DOS share information in connection with screening, vetting, and immigration enforcement. Defendants deny the remaining allegations and characterizations in Paragraph 36.

37. Defendants admit that DOS has authority to revoke visas and make certain foreign-policy findings under the INA, and that DHS/ICE has authority to enforce the immigration laws, including through arrest and detention. Defendants deny the remaining allegations and characterizations in Paragraph 37.

38. Defendants admit that DOS and USCIS conduct social-media reviews in connection with certain visa and benefit applications. Defendants deny the remaining allegations and characterizations in Paragraph 38.

39. Defendants admit that DOS has directed consular officers to conduct enhanced social-media checks for certain F, M, and J visa applicants, and that the program has been expanded. Defendants deny the remaining allegations and characterizations in Paragraph 39.

40. Defendants admit that USCIS conducts social-media checks in connection with certain immigration benefit applications. Defendants deny the remaining allegations and

characterizations in Paragraph 40.

40.1 Defendants admit that USCIS has issued guidance concerning the exercise of discretion in certain adjustment-of-status adjudications, including consideration of positive and negative factors in conducting a discretionary analysis based on the totality of the circumstances. Defendants deny the remaining allegations and characterizations in Paragraph 40.1.

41. Defendants admit that USCIS has made certain public statements concerning social media vetting to identify national security and public safety risks. Those statements speak for themselves. Defendants deny the remaining allegations and characterizations in Paragraph 41.

42. Defendants admit that President Trump has made public statements concerning immigration enforcement. Those statements speak for themselves. Defendants deny the remaining allegations and characterizations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants admit that Secretary Rubio and other officials have made public statements concerning visa revocations. Those statements speak for themselves. Defendants deny the remaining allegations and characterizations in Paragraph 44.

45. Defendants admit that DOS revoked certain visas and publicly posted about visa revocations. The referenced posts speak for themselves. Defendants deny the remaining allegations and characterizations in Paragraph 45.

46. Defendants admit that former Secretary Noem, DHS, and USCIS have made certain public statements concerning social-media vetting. Those statements speak for themselves. Defendants deny the remaining allegations and characterizations in Paragraph 46.

47. Defendants admit that certain public statements by public officials were made in

response to the filing of the initial complaint. Those statements speak for themselves. Defendants deny the remaining allegations and characterizations in Paragraph 47.

48. Defendants admit that Defendant Rubio made public statements related to visa revocations. Those remarks speak for themselves. Defendants deny the remaining allegations and characterizations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants admit that in 2023, then-candidate Trump made public statements concerning immigration screening. Those statements speak for themselves. Defendants deny the remaining allegations and characterizations in Paragraph 51.

52. Defendants admit that the events of October 7, 2023, and subsequent campus protests occurred. Defendants deny the remaining allegations and characterizations in Paragraph 52.

53. Defendants admit that protests occurred on university campuses following the events of October 7, 2023, but lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 53.

54. Defendants admit that significant online discussion of the Israel-Hamas conflict occurred, but lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 54.

55. Defendants admit that in 2023, then-candidate Trump made public statements concerning ideological screening and immigration enforcement. Those statements speak for themselves. Defendants deny the remaining allegations and characterizations in Paragraph 55.

56. Defendants admit that in 2023, then-candidate Trump made public statements

concerning student visas and protests. Those statements speak for themselves. Defendants deny the remaining allegations and characterizations in Paragraph 56.

57. Defendants admit that in 2023, then-Senator Rubio made public statements concerning visas and campus protests. Those statements speak for themselves. Defendants deny the remaining allegations and characterizations in Paragraph 57.

58. Defendants admit that in 2024, then-candidate Trump made public statements concerning protests and deportation. Those statements speak for themselves. Defendants deny the remaining allegations and characterizations in Paragraph 58.

59. Defendants admit that in 2023, then-candidate Trump made public statements concerning ideological screening. Those statements speak for themselves. Defendants deny the remaining allegations and characterizations in Paragraph 59.

60. Defendants admit that President Trump signed Executive Order 14161 on or about January 20, 2025. The Order speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 60.

61. Defendants admit that Executive Order 14161 contains the provisions quoted or paraphrased. The Order speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 61.

62. Defendants admit that Executive Order 14161 contains the provisions quoted or paraphrased. The Order speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 62.

63. Defendants admit that Executive Order 14161 contains the provisions quoted or paraphrased. The Order speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 63.

64. Defendants admit that Executive Order 14161 contains the provisions quoted or paraphrased and directs evaluation of certain regulations and policies relating to security-based grounds of inadmissibility. The Order speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 64.

65. Defendants admit that President Trump signed Executive Order 14188 on or about January 29, 2025, and that it contains the provision quoted. The Order speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 65.

66. Defendants admit that Executive Order 14188 contains the provisions quoted or paraphrased. The Order speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 66.

67. Defendants admit that a Fact Sheet was appended to Executive Order 14188 and contains the quoted language. The Fact Sheet speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 67.

68. Defendants admit that DOS has authority under the INA to deny or revoke visas and that certain security-based grounds of inadmissibility exist. Defendants deny the remaining allegations and characterizations in Paragraph 68.

69. Defendants admit that interagency discussions occurred concerning the implementation of Executive Orders 14161 and 14188. Defendants deny the remaining allegations and characterizations in Paragraph 69.

70. Defendants admit that interagency meetings involving officials from DOS and DHS occurred. Defendants deny the remaining allegations and characterizations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71 as characterized by Plaintiffs.

72. Defendants admit that media reports in March 2025 described certain DOS

initiatives. Defendants deny the remaining allegations and characterizations in Paragraph 72.

73. Defendants admit that media reports in March 2025 described certain DOS initiatives and that SEVIS is a visa-related database maintained by ICE. Defendants deny the remaining allegations and characterizations in Paragraph 73.

74. Defendants admit that ICE/HSI is a federal law enforcement agency within DHS and that ICE/HSI shared information with DOS that was relevant to DOS decision-making authorities. Defendants deny the remaining allegations in Paragraph 74 as characterized by Plaintiffs.

75. Defendants admit that working groups and coordination occurred between DOS and DHS components. Defendants deny the remaining allegations and characterizations in Paragraph 75.

76. Defendants admit that DHS components conducted screening and analysis related to noncitizens associated with certain campus activities. Defendants deny the remaining allegations and characterizations in Paragraph 76.

77. Defendants admit that ICE/HSI established a team of analysts to support screening and analysis efforts and that ICE/HSI's Roy Stanley led the team of analysts. Defendants deny the remaining allegations and characterizations in Paragraph 77.

78. Defendants admit that analysts from various ICE/HSI units participated in screening and analysis efforts. Defendants deny the remaining allegations and characterizations in Paragraph 78.

79. Defendants admit that ICE/HSI analysts reviewed open-source and social media information as part of screening and analysis and that ICE/HSI received information from ICE/HSI leadership. Defendants deny the remaining allegations and characterizations in

Paragraph 79.

80. Defendants admit that ICE/HSI reviewed online information as part of screening and analysis. Defendants deny the remaining allegations and characterizations in Paragraph 80.

81. Defendants admit that ICE/HSI prepared Reports of Analysis ("ROAs") in certain cases. Defendants deny the remaining allegations and characterizations in Paragraph 81.

82. Defendants admit that certain ROAs included analysis of online content, some of which related to pro-Hamas/antisemitic activities. Defendants deny the remaining allegations and characterizations in Paragraph 82.

83. Defendants admit that DHS components shared information with DOS and that DOS has authority to revoke visas and make foreign-policy findings. Defendants deny the remaining allegations and characterizations in Paragraph 83.

84. Defendants admit that visa revocations or foreign-policy findings can lead to enforcement action by DHS/ICE. Defendants deny the remaining allegations and characterizations in Paragraph 84.

85. Defendants admit that the named individuals were the subject of immigration enforcement actions. Defendants deny the remaining allegations and characterizations in Paragraph 85.

86. Defendants admit that ICE/HSI prepared a ROA concerning Dr. Badar Khan Suri. Defendants deny the remaining allegations and characterizations in Paragraph 86.

87. Defendants deny that DOS revoked Dr. Khan Suri's visa, but admit that public statements were made concerning the matter, which speak for themselves. Defendants further admit that Suri was administratively arrested by ICE and the subject of immigration enforcement action. Defendants deny the remaining allegations and characterizations in Paragraph 87.

88. Defendants admit that ICE/HSI dedicated significant resources to screening and analysis efforts. Defendants deny the remaining allegations and characterizations in Paragraph 88.

89. Defendants deny the allegations in Paragraph 89.

90. Defendants admit that Defendant Rubio issued a cable on or about March 25, 2025, concerning enhanced screening. The cable speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 90.

91. Defendants admit that the March 25, 2025 cable directed certain social media checks for F, M, and J visa applicants. The cable speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 91.

92. Defendants admit that the March 25, 2025 cable identified categories of applicants subject to mandatory social media review. The cable speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 92.

93. Defendants admit that current and former F, M, and J visa holders seeking to renew or change status may be subject to social media screening. Defendants deny the remaining allegations and characterizations in Paragraph 93.

94. Defendants admit that the March 25, 2025 cable referenced certain factors that may affect visa eligibility. The cable speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 94.

95. Defendants admit that DOS has authority to revoke visas and that the March 25, 2025 cable addressed that authority. The cable speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 95.

96. Defendants admit that DOS cables are official records and that DOS's Foreign

Affairs Manual addresses this fact and contains the quoted language. The manual speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 96.

97. Defendants admit that Defendant Rubio made public remarks on or about March 27, 2025, that addressed visa revocations. Those remarks speak for themselves. Defendants deny the remaining allegations and characterizations in Paragraph 97.

98. Defendants admit that Defendant Rubio made the quoted or paraphrased statements. Those statements speak for themselves. Defendants deny the remaining allegations and characterizations in Paragraph 98.

99. Defendants admit that Defendant Rubio made the quoted or paraphrased statements. Those statements speak for themselves. Defendants deny the remaining allegations and characterizations in Paragraph 99.

100. Defendants admit that Defendant Rubio made public remarks on or about March 28, 2025. Those remarks speak for themselves. Defendants deny the remaining allegations and characterizations in Paragraph 100.

101. Defendants admit that Defendant Rubio made the quoted or paraphrased statements. Those remarks speak for themselves. Defendants deny the remaining allegations and characterizations in Paragraph 101.

102. Defendants admit that Defendant Rubio made the quoted or paraphrased statements. Those remarks speak for themselves. Defendants deny the remaining allegations and characterizations in Paragraph 102.

103. Defendants admit that Defendant Rubio made the quoted or paraphrased statements. Those remarks speak for themselves. Defendants deny the remaining allegations and characterizations in Paragraph 103.

104. Defendants admit that Defendant Rubio made the quoted or paraphrased statements. Those remarks speak for themselves. Defendants deny the remaining allegations and characterizations in Paragraph 104.

105. Defendants admit that DOS published an article on or about April 30, 2025, referring to a "Catch-and-Revoke" initiative, which contains the quoted language. The article speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 105.

106. Defendants admit that DHS created a task force to support expanded screening and analysis. Defendants deny the remaining allegations and characterizations in Paragraph 106.

107. Defendants admit that DHS components use analytical tools in connection with screening and vetting, and that USCIS made public statements concerning social media vetting to identify national security and public safety risks, which speak for themselves. Defendants deny the remaining allegations and characterizations in Paragraph 107.

108. Defendants admit that CBP's National Targeting and National Vetting Centers manage certain analytical tools used in screening. Defendants deny the remaining allegations and characterizations in Paragraph 108.

109. Defendants admit that USCIS issued a public statement on or about April 29, 2025, describing screening and vetting efforts that contains the quoted language. The press release speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 109.

110. Defendants admit that USCIS issued a press release on or about April 29, 2025, describing screening and vetting efforts that contains the quoted language. The press release speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph

110.

111. Defendants admit that USCIS considers social media content in connection with certain discretionary immigration benefit adjudications. Defendants deny the remaining allegations and characterizations in Paragraph 111.

112. Defendants admit that USCIS has conducted social media checks in connection with certain discretionary immigration benefit requests and that it issued a press release on or about November 13, 2025, that contains the quoted language. Defendants deny the remaining allegations and characterizations in Paragraph 112.

113. Defendants admit that USCIS issued a press release on or about December 22, 2025. The press release speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 113.

114. Defendants admit that USCIS issued a press release on or about December 22, 2025, which contains the quoted language. The press release speaks for itself. Defendants further admit that USCIS has issued guidance on or about August 19, 2025, concerning discretionary factors in immigration benefit requests. The guidance document speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 114.

115. Defendants admit that on or around February 11, 20206, the Office of Management and Budget approved USCIS information collection of social media identifiers data on immigration forms and/or within information collection system for Paperwork Reduction Act purposes (however such collection has not yet begun). Defendants deny the remaining allegations and characterizations in Paragraph 115.

116. Defendants admit that social media identifier collection affects a substantial number of immigration benefit applicants and that, per the public notices regarding this

collection, roughly 3.5 million respondents are expected to be subject to the information collection annually, which may include individuals without lawful immigration status, those in non-immigrant status, lawful permanent residents and, in limited cases, U.S. citizens. Defendants deny the remaining allegations and characterizations in Paragraph 116.

116.1 Defendants admit that on or about August 19, 2025, USCIS issued a policy alert and related guidance concerning the exercise of discretion in certain adjustment-of-status adjudications, including consideration of positive and negative factors in conducting a discretionary analysis based on the totality of the circumstances. Defendants deny the remaining allegations and characterizations in Paragraph 116.1.

117. Defendants deny the allegations in Paragraph 117 as characterized by Plaintiffs.

118. Defendants admit that DOS issued a cable on or about May 27, 2025, pausing certain student visa appointments. The cable speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 118.

119. Defendants admit that DOS issued a cable on or about May 30, 2025, concerning a pilot program of enhanced social media vetting. The cable speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 119.

120. Defendants admit that the May 30, 2025 cable directed enhanced screening related to Harvard University. The cable speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 120.

121. Defendants admit that the May 30, 2025 cable directed enhanced screening related to Harvard University. The cable speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 121.

122. Defendants admit that DOS issued a public announcement on or about June 18,

2025, concerning expanded screening for F, M, and J visa applicants. The announcement speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 122.

123. Defendants admit that the June 18, 2025 announcement directed comprehensive vetting including online presence and instructed applicants to set social media profiles to public. The announcement speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 123.

124. Defendants admit that DOS issued an internal cable on or about June 18, 2025, concerning expanded screening. The cable speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 124.

125. Defendants admit that DOS issued an internal cable on or about June 18, 2025, concerning expanded screening. The cable speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 125.

126. Defendants admit that DOS issued an internal cable on or about June 18, 2025, concerning expanded screening. The cable speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 126.

127. Defendants admit that DOS issued an internal cable on or about June 18, 2025, concerning expanded screening. The cable speaks for itself. Defendants deny the remaining allegations and characterizations in Paragraph 127.

128. Defendants admit that DOS implemented screening and vetting measures consistent with applicable Executive Orders and statutory authority.

129. Defendants admit that a DOS official represented that all U.S. visa holders, which totals close to 55 million persons, are subject to continuous vetting, but denies that DOS "expanded" its vetting on or around August 21, 2025.

130. Defendants admit that the Defendants implemented screening and vetting measures consistent with applicable Executive Orders and statutory authority and that DOS announced expanded screening and vetting for certain visa applicants on a post on its website on December 3, 2025. The post speaks for itself. Defendants deny the remaining allegations in Paragraph 130.

131. Defendants admit that DOS makes visa-related determinations and denies the remaining allegations in Paragraph 131.

132. Defendants deny the allegations in Paragraph 132.

133. Defendants admit that the Defendants implemented screening and vetting measures consistent with applicable Executive Orders and statutory authority and deny the remaining allegations in Paragraph 133.

134. Defendants admit that John Armstrong testified during the trial in *American Association of University Professors v. Rubio*, No. CV 25-10685-WGY (D. Mass.) about the visa revocation process. That testimony speaks for itself. Defendants deny the remaining allegations in Paragraph 134.

135. Defendants deny the allegations in Paragraph 135.

136. Defendants admit that DOS memoranda discussed in *Am. Ass'n of Univ. Professors v. Rubio*, 802 F. Supp. 3d 120 (D. Mass. 2025), addressed immigration-related scrutiny related to Rümeysa Öztürk and Mohsen, and that immigration enforcement action was taken against both of them. The memoranda speaks for themselves. Defendants deny the remaining allegations in Paragraph 136.

137. Defendants admit that DHS's removal cases against Rümeysa Öztürk and Mohsen Mahdawi were terminated and that they received judicial review by immigration judges, U.S.

district courts, and the U.S. Court of Appeals for the Second Circuit. The opinions of those courts speak for themselves. Defendants deny the remaining allegations in Paragraph 137.

138. Defendants deny the allegations in Paragraph 138.

139. Defendants admit that they have implemented screening and vetting measures consistent with applicable Executive Orders and statutory authority. Defendants deny Plaintiffs' characterizations of those measures as a "Challenged Surveillance Program" designed to silence protected speech, and deny the remaining allegations in Paragraph 139.

140. Defendants admit that they have contracted for investigative tools that can search and analyze publicly available information and deny the remaining allegations in Paragraph 140.

141. Defendants admit that they have contracted for investigative tools that can search and analyze publicly available information and admit that ICE has contracted to use ShadowDragon but deny DOS has current licenses for ShadowDragon. Further, ShadowDragon's promotional materials speak for themselves. Defendants deny that those contracts implement an unlawful intimidation campaign or "Challenged Surveillance Program," and deny the remaining allegations in Paragraph 141.

142. Defendants admit that they have contracted for investigative tools that can search and analyze publicly available information. The ONYX promotional materials speak for themselves. Defendants deny that those contracts implement an unlawful intimidation campaign or "Challenged Surveillance Program," and deny the remaining allegations in Paragraph 142.

143. Defendants admit that they have contracted for investigative tools that can search and analyze publicly available information and that at least one DHS component has access to Babel X. The Babel X promotional materials speak for themselves. Defendants deny that those contracts implement an unlawful intimidation campaign or "Challenged Surveillance Program,"

and deny the remaining allegations in Paragraph 143.

144. Defendants admit that they have contracted for investigative tools that can search and analyze publicly available information. Defendants deny that those contracts implement an unlawful intimidation campaign or "Challenged Surveillance Program," and deny the remaining allegations in Paragraph 144.

145. Defendants admit that they have contracted for investigative tools that can search and analyze publicly available information and that DOS has licenses for Dataminr. The statements about Dataminr's capabilities speak for themselves. Defendants deny that those contracts implement an unlawful intimidation campaign or "Challenged Surveillance Program," and deny the remaining allegations in Paragraph 145.

146. Defendants admit that they have contracted for investigative tools that can search and analyze publicly available information. Defendants deny that those contracts implement an unlawful intimidation campaign or "Challenged Surveillance Program," and deny the remaining allegations in Paragraph 146.

147. Defendants admit that they have contracted for investigative tools that can search and analyze publicly available information and that ICE has a contract for Cobwebs/Penlink. Defendants deny that those contracts implement an unlawful intimidation campaign or "Challenged Surveillance Program," and deny the remaining allegations in Paragraph 147.

148. Defendants admit that the Defendants have contracted for investigative tools that can search and analyze publicly available information. The statements about Tangles' capabilities speak for themselves. Defendants deny that those contracts implement an unlawful intimidation campaign or "Challenged Surveillance Program," and deny the remaining allegations in Paragraph 148.

149. Defendants admit that Penlink has marketing materials available online that address the functionality of Tangles. Those materials speak for themselves.

150. Defendants admit that the Defendants have contracted for investigative tools that can search and analyze publicly available information and that ICE has a contract for Zignal Labs. The statements about Zignal Labs' capabilities speak for themselves. Defendants deny that those contracts implement an unlawful intimidation campaign or "Challenged Surveillance Program," and deny the remaining allegations in Paragraph 150.

151. Defendants admit that the Defendants have contracted for investigative tools that can search and analyze publicly available information. Defendants deny that those contracts implement an unlawful intimidation campaign or "Challenged Surveillance Program," and deny the remaining allegations in Paragraph 151.

152. Defendants admit that in October 2025, ICE posted a Request for Information seeking information from vendors concerning possible contractor support for lead development and open-source intelligence. That ROI speaks for itself. Defendants deny the remaining allegations in Paragraph 152.

153. Defendants deny the allegations in Paragraph 153.

154. Defendants deny the allegations in Paragraph 154.

155. Defendants deny the allegations in Paragraph 155.

156. Defendants deny the allegations in Paragraph 156.

157. Defendants admit that Mahmoud Khalil was administratively arrested by ICE and the subject of an immigration enforcement action. Defendants deny the remaining allegations and characterizations in Paragraph 157.

158. Defendants admit that ICE prepared a ROA concerning Mahmoud Khalil that

included online information. Defendants admit that ICE/HSI shared information with DOS on Khalil for DOS's ultimate decision-making. Defendants deny the remaining allegations and characterizations in Paragraph 158.

159. Defendants admit that federal agents administratively arrested Mahmoud Khalil for immigration enforcement. Defendants deny the remaining allegations and characterizations in Paragraph 159.

160. Defendants admit that Secretary Rubio made a post on X on March 9, 2025, related to Mahmoud Khalil. The post speaks for itself. Defendants deny the remaining allegations in Paragraph 160.

161. Defendants admit that certain individuals were the subject of immigration enforcement actions and that public statements were made concerning those actions, including the statement on X made by the DHS account on March 9, 2025. Those statements speak for themselves. Defendants deny the remaining allegations in Paragraph 161.

162. Defendants admit that certain individuals were the subject of immigration enforcement actions and that public statements were made concerning those actions, including the statements by President Trump on Truth Social on March 10, 2025. Those statements speak for themselves. Defendants deny the remaining allegations in Paragraph 162.

163. Defendants admit that certain individuals were the subject of immigration enforcement actions and that public statements were made concerning those actions, including the statement on X by the White House account on March 10, 2025. Defendants deny the remaining allegations in Paragraph 163.

164. Defendants admit that certain individuals were the subject of immigration enforcement actions and that public statements were made concerning those actions, including

the statements by Troy Edgar on NPR Morning Edition on March 13, 2025. Those statements speak for themselves. Defendants deny the remaining allegations in Paragraph 164.

165. Defendants admit that certain individuals were the subject of immigration enforcement actions and that public statements were made concerning those actions, including the statements by Secretary Rubio on Face the Nation on March 16, 2025. Those statements speak for themselves. Defendants deny the remaining allegations in Paragraph 165.

166. Defendants admit that Mahmoud Khalil was the subject of immigration enforcement actions and that public statements were made concerning that action, including the statements by Secretary Rubio and the DOS account on X on or about January 15, 2026. Defendants deny the remaining allegations in Paragraph 166.

167. Defendants admit that Momodou Taal last entered the United States as an F-1 non-immigrant to study at Cornell University and was the subject of immigration-related scrutiny. Defendants deny the remaining allegations and characterizations in Paragraph 167.

168. Defendants admit that Momodou Taal was the subject of immigration-related scrutiny and that ICE/HSI transmitted written communication to DOS seeking the DOS determination as to whether Taal had taken actions calling into question his continued eligibility for a U.S. visa. Defendants deny the remaining allegations and characterizations in Paragraph 168.

169. Defendants admit that Momodou Taal was the subject of immigration-related scrutiny, that his visa was revoked under INA § 221(i), 8 U.S.C. § 1201(i), and the revocation of Taal's visa made Taal removable from the United States pursuant to INA § 237(a)(1)(B); 8 U.S.C. § 1227(a)(1)(B). Defendants admit that upon learning of the visa revocation, ICE attempted to proceed with immigration enforcement action. Defendants deny Plaintiffs'

characterizations of those actions, and deny the remaining allegations in Paragraph 169.

170. Defendants admit that Momodou Taal was the subject of immigration-related scrutiny and that public statement were made regarding that scrutiny, including the statements by DHS on its website on or about April 30, 2025. Defendants deny the remaining allegations in Paragraph 170.

171. Defendants deny the allegations in Paragraph 171.

172. Defendants admit that Yunseo Chung, a Barnard student, was the subject of immigration-related scrutiny. Defendants deny the remaining allegations in Paragraph 172.

173. Defendants admit that ICE/HSI shared information about Chung with DOS relevant to DOS decision-making authorities. Defendants admit that Secretary Rubio determined that Chung is a removable alien under INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i), finding that her presence and activities would have potentially serious adverse foreign policy consequences and would compromise a compelling U.S. foreign policy interest. Defendants further admit that such a determination makes an alien removable from the United States under INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i). Defendants deny the remaining allegations in Paragraph 173.

174. Defendants admit that Secretary Rubio determined that Chung is a removable alien under INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i), finding that her presence and activities would have potentially serious adverse foreign policy consequences and would compromise a compelling U.S. foreign policy interest. Defendants further admit that such a determination makes an alien removable from the United States under INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i). Defendants deny the remaining allegations in Paragraph 174.

175. Defendants admit that Mohsen Mahdawi was administratively arrested for

immigration enforcement action while enrolled as a student at Columbia University, but denies the remaining allegations in Paragraph 175.

176. Defendants admit that ICE/HSI shared information about Mahdawi with DOS relevant to DOS decision-making authorities and prepared a ROA concerning Mahdawi that included online information. Defendants deny the remaining allegations and characterizations in Paragraph 176.

177. Defendants admit that a DOS memorandum quoted in *Am. Ass'n of Univ. Professors v. Rubio*, 802 F. Supp. 3d 120, 152 (D. Mass. 2025), contains the quoted language. The memorandum speaks for itself. Defendants further admit that Secretary Rubio determined that Mahdawi is a removable alien under INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i), finding that his presence and activities would have potentially serious adverse foreign policy consequences and would compromise a compelling U.S. foreign policy interest. Defendants admit that such a determination makes an alien removable from the United States under INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i). Defendants deny the remaining allegations in Paragraph 177.

178. Defendants admit that Mohsen Mahdawi was the subject of an administrative arrest by ICE for immigration enforcement action and that public statements were made about those actions. Defendants deny Plaintiffs' characterizations of motive and purpose, and deny the remaining allegations in Paragraph 178.

179. Defendants admit that Mohsen Mahdawi was the subject of immigration enforcement actions and that public statements were made about those actions, including the DHS press release dated May 9, 2025. Defendants deny the remaining allegations in Paragraph 179.

180. Defendants deny the allegations in Paragraph 180.

181. Defendants admit that ICE/HSI shared information about Khan Suri with DOS relevant to DOS decision-making authorities and provided an ROA to DOS containing online information. Defendants deny the remaining allegations in Paragraph 181.

182. Defendants admit that Secretary Rubio determined that Khan Suri is a removable alien under INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i), finding that his presence and activities would have potentially serious adverse foreign policy consequences and would compromise a compelling U.S. foreign policy interest. Defendants further admit that such a determination makes an alien removable from the United States under INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i). Defendants deny the remaining allegations in Paragraph 182.

183. Defendants admit that Khan Suri was the subject of administrative arrest for immigration enforcement action. Defendants deny Plaintiffs' characterizations of motive and purpose, and deny the remaining allegations in Paragraph 183.

184. Defendants admit that Khan Suri was the subject of immigration enforcement actions and that public statements were made about those actions, including the statements by Tricia McLaughlin on X on March 19, 2025.

185. Defendants admit that Rümeysa Öztürk was last admitted to the United States as an F-1 non-immigration to study at Tufts University, was the subject of immigration enforcement actions, and public statements were made about those actions. Defendants deny the remaining allegations in Paragraph 185.

186. Defendants admit that ICE/HSI shared information about Öztürk with DOS relevant to DOS decision-making authorities and provided an ROA to DOS containing online information. Defendants deny the remaining allegations in Paragraph 186.

187. Defendants admit that Rümeysa Öztürk was the subject of immigration enforcement actions and that a DOS memorandum contains the quoted language. The memorandum speaks for itself. Defendants deny the remaining allegations in Paragraph 187.

188. Defendants admit that DOS revoked Rümeysa Öztürk's visa and deny the remaining allegations in Paragraph 188.

189. Defendants admit that Rümeysa Öztürk was arrested by federal agents on March 25, 2025, and that security camera footage of the arrest appears to have been taken. Defendants deny the remaining allegations in Paragraph 189.

190. Defendants admit that Rümeysa Öztürk was the subject of immigration enforcement actions and that public statements were made about those actions, including the statements by Secretary Rubio on March 27, 2025. Defendants deny the remaining allegations in Paragraph 190.

191. Defendants admit that a DHS spokesperson made a statement containing the quoted language. The statement speaks for itself. Defendants further admit that an immigration judge ruled against DHS in Öztürk's removal case.

192. Defendants deny the allegations in Paragraph 192.

193. Defendants deny the allegations in Paragraph 193.

194. Defendants admit that officials made public statements concerning ongoing visa and enforcement efforts. Those statements speak for themselves. Defendants deny the remaining allegations and characterizations in Paragraph 194.

195. Defendants admit that Deputy Secretary of State Landau has made public statements concerning visa revocations. Those statements speak for themselves. Defendants deny the remaining allegations in Paragraph 195.

196. Defendants admit that certain enforcement-related actions occurred and that public statements about those actions were made, including the statements made on X by the DOS account on or about October 14, 2025. Defendants deny the remaining allegations in Paragraph 196.

197. Defendants admit that DOS has made public statements about visa revocations, including the statements made on X by the DOS account on or about October 17, 2025. Defendants deny the remaining allegations in Paragraph 197.

198. Defendants admit that a post by the DHS account containing the quoted language was made on X on or about November 5, 2025. The post speaks for itself. Defendants deny the remaining allegations in Paragraph 198.

199. Defendants admit that a press release containing the quoted language was posted on USCIS's website on or about November 13, 2025. The press release speaks for itself. Defendants deny the remaining allegations in Paragraph 199.

200. Defendants admit that the quoted statements were made by Stephen Miller on a Newsmax video posted on Youtube on or about November 18, 2025. Defendants deny the remaining allegations in Paragraph 200.

201. Defendants admit that Secretary Rubio has made public statements concerning visa revocations. Those statements speak for themselves. Defendants deny the remaining allegations in Paragraph 201.

202. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 202, which concern Plaintiffs' views. Defendants deny that any lawful actions by Defendants caused the claimed harms.

203. Defendants lack knowledge or information sufficient to form a belief as to the

allegations in Paragraph 203. Defendants deny that any lawful actions by Defendants caused the claimed harms.

204. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 204. Defendants deny that any lawful actions by Defendants caused the claimed harms.

205. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 205. Defendants deny that any lawful actions by Defendants caused the claimed harms.

206. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 206. Defendants deny that any lawful actions by Defendants caused the claimed harms.

207. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 207. Defendants deny that any lawful actions by Defendants caused the claimed harms.

208. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 208. Defendants deny that any lawful actions by Defendants caused the claimed harms.

209. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 209.

210. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 210. Defendants deny that any lawful actions by Defendants caused the claimed harms.

211. Defendants lack knowledge or information sufficient to form a belief as to the

allegations in Paragraph 211. Defendants deny that any lawful actions by Defendants caused the claimed harms.

212. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 212. Defendants deny that any lawful actions by Defendants caused the claimed harms.

213. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 213. Defendants deny that any lawful actions by Defendants caused the claimed harms.

214. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 214. Defendants deny that any lawful actions by Defendants caused the claimed harms.

215. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 215. Defendants deny that any lawful actions by Defendants caused the claimed harms.

216. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 216. Defendants deny that any lawful actions by Defendants caused the claimed harms.

217. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 217. Defendants deny that any lawful actions by Defendants caused the claimed harms.

218. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 218. Defendants deny that any lawful actions by Defendants caused the claimed harms.

219. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 219. Defendants deny that any lawful actions by Defendants caused the claimed harms.

220. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 220. Defendants deny that any lawful actions by Defendants caused the claimed harms.

221. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 221. Defendants deny that any lawful actions by Defendants caused the claimed harms.

222. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 222. Defendants deny that any lawful actions by Defendants caused the claimed harms.

223. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 223. Defendants deny that any lawful actions by Defendants caused the claimed harms.

224. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 224. Defendants deny that any lawful actions by Defendants caused the claimed harms.

224.1 Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 224.1. Defendants deny that any lawful actions by Defendants caused the claimed harms.

225. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 225. Defendants deny that any lawful actions by Defendants caused the

claimed harms.

226. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 226. Defendants deny that any lawful actions by Defendants caused the claimed harms.

227. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 227. Defendants deny that any lawful actions by Defendants caused the claimed harms.

228. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 228. Defendants deny that any lawful actions by Defendants caused the claimed harms.

229. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 229. Defendants deny that any lawful actions by Defendants caused the claimed harms.

230. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 230. Defendants deny that any lawful actions by Defendants caused the claimed harms.

231. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 231. Defendants deny that any lawful actions by Defendants caused the claimed harms.

232. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 232. Defendants deny that any lawful actions by Defendants caused the claimed harms.

233. Defendants lack knowledge or information sufficient to form a belief as to the

allegations in Paragraph 233. Defendants deny that any lawful actions by Defendants caused the claimed harms.

234. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 234. Defendants deny that any lawful actions by Defendants caused the claimed harms.

235. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 235. Defendants deny that any lawful actions by Defendants caused the claimed harms.

236. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 236. Defendants deny that any lawful actions by Defendants caused the claimed harms.

237. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 237. Defendants deny that any lawful actions by Defendants caused the claimed harms.

238. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 238. Defendants deny that any lawful actions by Defendants caused the claimed harms.

239. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 239. Defendants deny that any lawful actions by Defendants caused the claimed harms.

240. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 240. Defendants deny that any lawful actions by Defendants caused the claimed harms.

241. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 241. Defendants deny that any lawful actions by Defendants caused the claimed harms.

242. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 242. Defendants deny that any lawful actions by Defendants caused the claimed harms.

243. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 243. Defendants deny that any lawful actions by Defendants caused the claimed harms.

244. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 244. Defendants deny that any lawful actions by Defendants caused the claimed harms.

245. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 245. Defendants deny that any lawful actions by Defendants caused the claimed harms.

246. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 246. Defendants deny that any lawful actions by Defendants caused the claimed harms.

247. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 247. Defendants deny that any lawful actions by Defendants caused the claimed harms.

248. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 248. Defendants deny that any lawful actions by Defendants caused the

claimed harms.

249. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 249. Defendants deny that any lawful actions by Defendants caused the claimed harms.

250. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 250. Defendants deny that any lawful actions by Defendants caused the claimed harms.

251. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 251. Defendants deny that any lawful actions by Defendants caused the claimed harms.

252. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 252. Defendants deny that any lawful actions by Defendants caused the claimed harms.

253. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 253. Defendants deny that any lawful actions by Defendants caused the claimed harms.

254. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 254. Defendants deny that any lawful actions by Defendants caused the claimed harms.

255. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 255. Defendants deny that any lawful actions by Defendants caused the claimed harms.

256. Defendants lack knowledge or information sufficient to form a belief as to the

allegations in Paragraph 256. Defendants deny that any lawful actions by Defendants caused the claimed harms.

257. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 257. Defendants deny that any lawful actions by Defendants caused the claimed harms.

258. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 258. Defendants deny that any lawful actions by Defendants caused the claimed harms.

259. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 259. Defendants deny that any lawful actions by Defendants caused the claimed harms.

260. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 260. Defendants deny that any lawful actions by Defendants caused the claimed harms.

261. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 261. Defendants deny that any lawful actions by Defendants caused the claimed harms.

262. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 262.

263. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 263.

264. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 264.

265. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 265.

266. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 266.

267. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 267.

268. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 268. Defendants deny that any lawful actions by Defendants caused the claimed harms.

269. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 269.

270. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 270. Defendants deny that any lawful actions by Defendants caused the claimed harms.

271. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 271. Defendants deny that any lawful actions by Defendants caused the claimed harms.

272. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 272.

273. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 273. Defendants deny that any lawful actions by Defendants caused the claimed harms.

274. Defendants lack knowledge or information sufficient to form a belief as to the

allegations in Paragraph 274.

275. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 275. Defendants deny that any lawful actions by Defendants caused the claimed harms.

276. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 276. Defendants deny that any lawful actions by Defendants caused the claimed harms.

277. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 277.

278. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 278.

279. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 279.

280. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 280.

281. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 281.

282. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 282. Defendants deny that any lawful actions by Defendants caused the claimed harms.

283. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 283.

284. Defendants lack knowledge or information sufficient to form a belief as to the

allegations in Paragraph 284.

285. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 285.

286. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 286.

287. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 287. Defendants deny that any lawful actions by Defendants caused the claimed harms.

288. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 288. Defendants deny that any lawful actions by Defendants caused the claimed harms.

289. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 289. Defendants deny that any lawful actions by Defendants caused the claimed harms.

290. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 290. Defendants deny that any lawful actions by Defendants caused the claimed harms.

291. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 291. Defendants deny that any lawful actions by Defendants caused the claimed harms.

292. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 292. Defendants deny that any lawful actions by Defendants caused the claimed harms.

293. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 293. Defendants deny that any lawful actions by Defendants caused the claimed harms.

294. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 294. Defendants deny that any lawful actions by Defendants caused the claimed harms.

295. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 295. Defendants deny that any lawful actions by Defendants caused the claimed harms.

296. Defendants deny the allegations in Paragraph 296.

297. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 297.

298. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 298.

299. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 299.

300. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 300.

301. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 301.

302. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 302.

303. Defendants lack knowledge or information sufficient to form a belief as to the

allegations in Paragraph 303.

304. Defendants incorporate by reference their responses to all preceding paragraphs.

305. Paragraph 305 consists of legal conclusions to which no response is required.

306. Paragraph 306 consists of legal conclusions to which no response is required.

307. Defendants deny the allegations in Paragraph 307.

308. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 308 concerning the awareness and conduct of Plaintiffs and their members. Defendants deny that any lawful actions by Defendants caused the claimed harms.

309. Defendants deny the allegations in Paragraph 309 as characterized by Plaintiffs.

310. Paragraph 310 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

311. Paragraph 311 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

312. Paragraph 312 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

313. Paragraph 313 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

314. Paragraph 314 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

315. Defendants incorporate by reference their responses to all preceding paragraphs.

316. Paragraph 316 consists of legal conclusions to which no response is required.

317. Paragraph 317 consists of legal conclusions to which no response is required.

318. Defendants deny the allegations in Paragraph 318.

319. Defendants deny the allegations in Paragraph 319.

320. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 320 concerning the awareness of Plaintiffs and their members, and deny the remaining allegations in this paragraph.

321. Paragraph 321 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

322. Paragraph 322 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

323. Paragraph 323 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

324. Defendants incorporate by reference their responses to all preceding paragraphs.

325. Paragraph 325 consists of legal conclusions to which no response is required.

326. Defendants admit that DOS has instructed certain visa applicants to adjust privacy settings on social media profiles in connection with screening and vetting. Defendants deny the remaining allegations and characterizations in Paragraph 326.

327. Paragraph 327 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

328. Paragraph 328 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

329. Paragraph 329 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

330. Paragraph 330 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

331. Paragraph 331 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

332. Paragraph 332 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

333. Defendants incorporate by reference their responses to all preceding paragraphs.

334. Paragraph 334 consists of legal conclusions to which no response is required.

335. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 335.

336. Defendants deny the allegations in Paragraph 336.

337. Paragraph 337 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

338. Paragraph 338 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

339. Paragraph 339 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

340. Paragraph 340 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

341. Paragraph 341 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

342. Defendants incorporate by reference their responses to all preceding paragraphs.

343. Paragraph 343 consists of legal conclusions to which no response is required.

344. Paragraph 344 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

345. Paragraph 345 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

346. Paragraph 346 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

347. Paragraph 347 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

348. Defendants incorporate by reference their responses to all preceding paragraphs.

349. Paragraph 349 consists of legal conclusions to which no response is required.

350. Paragraph 350 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

351. Paragraph 351 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

352. Paragraph 352 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

353. Defendants incorporate by reference their responses to all preceding paragraphs.

354. Paragraph 354 consists of legal conclusions to which no response is required.

355. Paragraph 355 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

356. Paragraph 356 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

357. Paragraph 357 consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

Defendants deny that Plaintiffs are entitled to any of the relief requested in the Prayer for

Relief (paragraphs A through H), or to any relief whatsoever.

**AFFIRMATIVE AND OTHER DEFENSES**

Any allegations not specifically admitted, denied, or otherwise answered are hereby denied. For its further and separate defenses, Defendants allege as follows:

FIRST DEFENSE

The SAC fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Plaintiffs lack Article III standing.

THIRD DEFENSE

Plaintiffs lack organizational and prudential standing.

FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the political-question doctrine.

FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of consular non-reviewability.

SIXTH DEFENSE

The claims are barred in whole or in part by principles of non-reviewability of national-security and foreign-affairs determinations committed to the Executive.

SEVENTH DEFENSE

Sovereign immunity bars some or all of the relief sought.

EIGHTH DEFENSE

Any challenged actions were the lawful exercises of authority under the Immigration and Nationality Act and related authorities.

NINTH DEFENSE

Plaintiffs' claims are not reviewable under the Administrative Procedure Act because they challenge non-final agency action. *See* 5 U.S.C. § 704.

Defendants may have additional defenses which are not known at this time but which may become known through discovery. Accordingly, Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE Defendants respectfully request that the Court: (1) dismiss the SAC with prejudice; (2) enter judgment in favor of Defendants; and (3) grant such further relief as the Court deems just and proper.

Date: New York, New York
October 30, 2026

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: JENNIFER JUDE
*/s/ Jennifer Jude*
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2663
Email: jennifer.jude@usdoj.gov
*Attorney for Defendants*